[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
On August 11, 1995, the plaintiff filed a twelve count amended complaint against the defendants. Counts six through ten are directed against the defendants Middlesex Mutual Assurance Co. (Middlesex) and Total Insurance Management, Inc., and allege negligence, breach of contract, misrepresentation, and violations of CUIPA and CUTPA. Counts ten and eleven are directed against Middlesex only; count eleven alleges bad faith and count twelve seeks a reformation of the contract of insurance at issue in this case.
On August 22, 1995, Middlesex filed a motion to disqualify the law firm of Attorney Roger Sullivan, counsel for the plaintiffs, on the ground that Attorney Sullivan acted as an arbitrator in arbitration proceedings involving the uninsured motorist of the plaintiffs against Middlesex. In support of its motion, Middlesex raises the specter that the firm may have "gained an unfair advantage as a result of . . . [Attorney Sullivan] having participated in the arbitration in which Middlesex was a respondent." Middlesex fails to crystallize, however, the foundation for this proposition.[1] The plaintiffs filed an objection to Middlesex's motion, and a memorandum. The plaintiffs argue that Rule 1.12(d) of the Connecticut Rules of Professional Conduct permits Attorney Sullivan's representation of the plaintiffs.
Disqualification of an attorney "is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard CT Page 10820 against the danger of inadvertent use of confidential information." (Internal quotation marks omitted.). Bergeron v.Mackler, 225 Conn. 391, 397 (1993). In matters concerning disqualification, the court "must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations." (Citations omitted and internal quotation marks omitted.). Id., 397-98. In the motion to disqualify, therefore, the competing interests are: "(1) the defendant's interest in protecting confidential information; (2) the plaintiff's interest in freely electing counsel of their choice; and (3) the public's interest in the scrupulous administration of justice . . . ." (Citations omitted.). Id., 398.
Rule 1.12(d) of the Rules of Professional Conduct states that "[a]n arbitrator selected as a partisan of a party in a multimember arbitration panel is not prohibited from subsequently representing that party." There is no case law in Connecticut interpreting this provision. There are, however, ethics opinions which are helpful.[2]
In one opinion, the propriety of an attorney acting as part-time hearing officers for the Department of Motor Vehicles was discussed. The opinion concluded that "an attorney-hearing officer or a fellow member of his or her firm may represent a client before the Superior Court in cases where the client may be subject to an administrative hearing at DMV, arising from the same facts and circumstances." The committee noted, however, that the major source of conflict was eliminated by the fact that the hearing officer attorney and the firm would not be associated with any DMV proceeding related to the matter pending in the Superior Court. Connecticut Professional Responsibility Reference Guide, Informal Opinion 92-15 (May 27, 1992).
In a California opinion, it was determined that a lawyer who represents a client in a legal matter may accept the client's designation of him as an arbitrator in partisan contractual arbitration. ABA/BNA, Lawyers' Manual on Professional Conduct, Ethics Opinion 1984-80.
Canon 5 of the ABA Model Code of Professional Responsibility, EC 5-20, states that "[a] lawyer is often asked to serve as an impartial arbitrator or mediator in matters which involve present CT Page 10821 or former clients. He may serve in either capacity if he first discloses such present or former relationships. After a lawyer has undertaken to act as an impartial arbitrator or mediator, he should not thereafter represent in the dispute any of the parties involved." This rule, however, clearly differs from Rule 1.12(d), which expressly permits subsequent representation by a partisan
arbitrator.
The record does not support a finding that the defendant will be harmed by Attorney Sullivan's representation or the plaintiffs. The defendant has not claimed, for example, that it is seeking to protect confidential information. The defendant has not presented facts that support a finding of a conflict of interest or attorney misconduct. In addition, the defendant has not offered any relevant and pertinent case law to support the disqualification of Attorney Sullivan or his law firm. The plain language of Rule 1.12(d) and the public policy favoring an individual's right to choose counsel of its choice militate against disqualification. Accordingly, the defendant's motion to disqualify the law firm of Roger Sullivan is denied.